

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00041-CR

ALFREDO MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 22M0732-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Alfredo Martinez pled guilty to the offense of driving while intoxicated (DWI) with an alcohol concentration level greater than or equal to 0.15, a class A misdemeanor.[1] The trial court sentenced Martinez to a term of 365 days in the county jail, suspended in favor of eighteen months' community supervision. Among other fees and a $2,000.00 fine, the trial court imposed a DWI traffic fine of $6,000.00.[2]

In the trial court, Martinez objected to the imposition of the DWI traffic fine on the basis that it violates the Separation of Powers Clause of the Texas Constitution and removes from the prosecution the ability to negotiate and determine the amount of fine in a given case. Martinez

---

[1] TEX. PENAL CODE ANN. § 49.04(d) (Supp.).

[2] Section 709.001 of the Texas Transportation Code provides for the imposition of a fine on conviction of certain DWI offenses. It provides, in pertinent part:

(a)     In this section, "offense relating to the operating of a motor vehicle while intoxicated" has the meaning assigned by Section 49.09, Penal Code.

(b)     Except as provided by Subsection (c), in addition to the fine prescribed for the specific offense, a person who has been finally convicted of an offense relating to the operating of a motor vehicle while intoxicated shall pay a fine of:

(1)     $3,000 for the first conviction within a 36-month period;

(2)     $4,500 for a second or subsequent conviction within a 36-month period; and

(3)     $6,000 for a first or subsequent conviction if it is shown on the trial of the offense that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed.

(c)     If the court having jurisdiction over an offense that is the basis for a fine imposed under this section makes a finding that the person is indigent, the court shall waive all fines and costs imposed on the person under this section.

TEX. TRANSP. CODE ANN. § 709.001.

further complained that the fine did not apply to him because he had not been finally convicted. The trial court overruled each of Martinez's objections.

For each of the reasons asserted in the trial court, Martinez asks this Court to conclude that the DWI traffic fine should be deleted from the judgment. The State has filed a brief in which it agrees with each of Martinez's points of error and prays that this Court modify the judgment by deleting the DWI traffic fine.

We modify the judgment—not the sentence—by deleting the $6,000.00 DWI traffic fine. We affirm the judgment, as modified.[3]

Charles van Cleef
Justice

Date Submitted:     July 14, 2023
Date Decided:       July 18, 2023

Do Not Publish

---

[3]Because both parties agree that the DWI traffic fine should be deleted from the judgment, we need not address the merits of their arguments. Even so, we observe that the record in this case reflects that Martinez is indigent. That issue was not raised in the trial court or in this Court.